**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANN BURKE,**

    **Plaintiff,**

vs.                                              **Case No.: 8:08-cv-603-T-27MSS**

**NATIONAL PAYMENT CENTER,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes on for consideration of Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Affidavit"), which is construed as a motion for leave to proceed in forma pauperis. (Dkt. 2) When considering a motion to proceed in forma pauperis made pursuant to 28 U.S.C. § 1915(a), "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). Once the threshold question of poverty is satisfied, the Court must determine whether Plaintiff's complaint is frivolous, malicious or fails to state a claim, and therefore, is subject to dismissal. 28 U.S.C. § 1915(e)(2)(B)(i-ii).

    **A.**    **Allegations of Poverty**

An affidavit filed in support of a motion to proceed in forma pauperis should be accepted "absent a serious misrepresentation." Martinez, 364 F.3d at 1307. The affidavit "need not show that the litigant is 'absolutely destitute' to qualify for indigent status". Id. (citing Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). Parties should not be "forced to become public charges or abandon their claims because of the filing fee requirements." Id.

Plaintiff's Affidavit indicates an income of $1,800 per month and ownership of a home and vehicle. Plaintiff is obligated to pay $864.00 per month for mortgage and $260.00 per month for the

car payment. Plaintiff indicates that she has $3,700.00 in savings account but states that this amount is diminishing because she has to continually take money out of the savings account to pay for the student loan which is the subject of the underlying complaint. In addition, Plaintiffs has two dependents. Upon consideration of Plaintiff's affidavit, the Undersigned, therefore, finds that Plaintiff has made sufficient allegations of poverty that satisfy the question of financial eligibility.

**B.   Complaint**

Even though Plaintiff is financially eligible, the Court must also evaluate the sufficiency of Plaintiff's Complaint, in essence, her entitlement to proceed in forma pauperis. Plaintiff seeks to proceed pro se and has filed her Complaint alleging that the fifteen (15) percent of her disposable income that is being garnished from her head of household check is in excess of her capability to pay due to her current financial status. Despite considering the lenient standard for pro se plaintiffs, the Court finds that the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Among its many deficiencies, the Complaint fails to state the legal basis for the claim Plaintiff is attempting to assert or the grounds upon which this Court has personal or subject matter jurisdiction.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis (Dkt. 2) be **DENIED** and the Court **DISMISS** this action without prejudice.

Respectfully **RECOMMENDED** in Tampa, Florida on this 22nd day of April 2008.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Unrepresented Parties

Presiding District Judge

Counsel of Record

## **NOTICE TO THE PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).